UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>KEITH SULLIVAN | Case No. 2:26-cv-00198-GMN-DJA<br><br>**ORDER** |

On January 27, 2026, *pro se* plaintiff Keith Sullivan, an inmate in the custody of the Nevada Department of Corrections, submitted a letter claiming that he was filing a motion to withdraw from one or more settlement agreements because of prison officials' alleged refusal to comply with the agreements. (ECF No. 1-1). This initiated a new case. However, Plaintiff has not submitted a complaint, and he has not either paid the full $405 filing fee for a civil rights matter or filed an application to proceed *in forma pauperis* ("IFP"). The Court will grant Plaintiff until **April 6, 2026**, to cure these deficiencies. And if Plaintiff did not intend for his letter to initiate a new case, then he may file a notice to voluntarily dismiss this case.

## I.    DISCUSSION

### A.    Plaintiff Must Submit a Complaint

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." LSR 2-1. And because Plaintiff is representing himself, he must personally sign every filing he submits to the Court. *See* Fed. R. Civ. P. 11(a).

### B.    Plaintiff Must Address the Matter of the Filing Fee

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to

proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for IFP status, the inmate must submit <u>all three</u> of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. IFP status does not relieve inmates of their obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

## II.   CONCLUSION

It is therefore ordered that Plaintiff has **until April 6, 2026**, to submit a signed complaint in this case.

It is further ordered that Plaintiff has **until April 6, 2026**, to either pay the full $405 filing fee or file a fully complete IFP application with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a <u>new</u> case number, when Plaintiff can file a complaint and address the matter of the filing fee.

The Clerk of the Court is kindly directed to send Plaintiff Keith Sullivan (1) this Court's approved 42 U.S.C. § 1983 complaint form with instructions and (2) this Court's approved IFP application for an inmate with instructions.

DATED: February 5, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

2