**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

In Re
Keith Sullivan

Case No. 2:26-cv-00198-GMN-DJA

**ORDER DISMISSING AND CLOSING CASE**

Keith Sullivan initiated this action without paying the $405 filing fee, filing an application to proceed *in forma pauperis*, or filing a complaint.  On February 9, 2026, the Court ordered Sullivan to file a signed complaint and either pay the filing fee or file an application to proceed *in forma pauperis* by April 6, 2026. (ECF No. 3).  The Court warned Sullivan that the action could be dismissed if he failed to timely comply with the Court's order. (*Id.* at 2).  The Court's order came back as undeliverable with a notation that Sullivan had died. (ECF No. 4).  The April 6 deadline has passed without any other filings in this case.

## I.     DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).  In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

1

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Sullivan's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless a complaint is filed and the filing fee is paid or an application to proceed *in forma pauperis* is filed, the only alternative is to enter a second order setting another deadline. But the reality of repeating an order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. It appears that Sullivan has died and his mail from the Court is being returned as undeliverable. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    CONCLUSION

It is therefore Ordered that this action is dismissed without prejudice based on Sullivan's failure to file a complaint and either pay the filing fee or file an application to proceed *in forma pauperis* in compliance with this Court's February 5, 2026, Order. The Clerk of Court is kindly

directed to enter judgment accordingly and close this case.  If Sullivan, or any successor, wishes to pursue his claims, he must file a complaint in a new case.


**DATED**: June 5 2026.

_____

Gloria M. Navarro, District Judge
United States District Court